1

2                          **UNITED STATES DISTRICT COURT**

3                              **DISTRICT OF NEVADA**

4

5     SODAVY S.,

6                          Plaintiff,              2:23-cv-00940-VCF

7     v.

8

9     KILOLO KIJAKAZI, Acting Commissioner of      **<u>ORDER</u>**
      Social Security,

10                         Defendant.

11

12          This matter involves Plaintiff Sodavy's appeal from the Commissioner's final decision denying

13    her social security benefits. Before the Court is Sodavy's Motion for Reversal or Remand (ECF No. 8)

14    and the Commissioner of Social Security's Motion to Affirm (ECF No. 11). For the reasons stated below

15    the Court grants Sodavy's motion for reversal and remand and denies the Commissioner's motion to

16    affirm.

17                                **STANDARD OF REVIEW**

18          The Fifth Amendment prohibits the government from depriving persons of property without due

19    process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property

20    interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g)

21    authorizes the district court to review final decisions made by the Commissioner of Social Security.

22          The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless

23    "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

24    679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the

25    Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

   If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

### I.    Factual Background

   Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

   The ALJ applied a five-step sequential analysis pursuant to 20 C.F.R § 404.1520.  The ALJ determined that Sodavy suffered from a severe combination of impairments including degenerative disc disease of the lumbar spine, osteoarthritis of the left knee, a substance abuse disorder, a depressive disorder, and post-traumatic stress disorder (20 CFR 404.1520(c)).  AR 19.  The ALJ examined relevant medical evidence including opinions of state agency psychiatric consultant, Alfredo Amezaga, Ph. D, state agency medical consultants, Berming Pan, MD. and Jon Arrow, M.D., Joseph White, psychologist, Adrianne Gallucci, Psy, D., and records of medical treatment.  The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525 and 404.1526)., thus the ALJ denied her social security benefits.  (AR 27).

The ALJ concluded that residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry 20 pounds occasionally, and 10 pounds frequently. Sodavy can stand and walk for four hours, and sit for six hours out of an eight-hour workday. Sodavy cannot climb ladders ropes or scaffolds, but can occasionally climb ramps and stairs. The claimant can occasionally stoop, kneel, crouch or crawl. The claimant must avoid concentrated exposure to extreme temperatures, wetness and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers. The claimant can have occasional contact with others, such as supervisors, co-workers, and the public. the claimant needs to use a cane to traverse uneven terrain or long distances. (AR 23).

The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from November 1, 2014, through the date of the decision on May 17, 2022. (AR 33).

Plaintiff challenges the ALJ's finding on whether substantial evidence support the ALJ's finding that there were a significant number of jobs in the national economy that Sodavy could perform. (ECF No. 8).

The Commissioner argues that the ALJ properly weighed the medical evidence, including evidence that Sodavy is not disabled.  (ECF No. 11).

## II.   Analysis

1. **Whether substantial evidence support the ALJ's finding that there were a significant number of jobs in the national economy that Sodavy could perform.**

At step five, the ALJ found seven jobs that a person with Sodavy's limitations could perform (1) routing clerk, (2) garment sorter, (3) mail clerk, (4) price marker, (5) document preparer, (6) nut sorter, and (7) ticket checker. AR 31-32. Sodavy challenges only four of the jobs (routing clerk, garment sorter, mail clerk, and price marker) proposed by vocational expert, Bernard Preston, in his motion. (ECF No. 8). Sodavy does not challenge the jobs (document preparer, nut sorter, and ticket checker) proposed by vocational expert Gretchen Bakkenson. *Id.* Sodavy does address issues with vocational expert Bakkenson's his reply. Vocational expert Bakkenson gave the initial testimony on jobs that Sodavy could perform on August 31, 2021. Bakkenson was asked the source of the number of jobs, to which Bakkenson responded Job Browser Pro. Bakkenson replied that she used Job Browser Pro because she believed the methodology was "the strongest for determining an estimate of those numbers." *Id.* Bakkenson confirmed that she utilized the latest version of Job Browser Pro and was identifying full time jobs. (A.R. 2968).

On September 2, 2021, after the hearing, Sodavy submitted a rebuttal to the vocational expert Bakkenson's testimony. Sodavy pointed out the job numbers identified by Bakkenson were not accurate. (A.R. 559-563). In Sodavy's reply, he states that after he told the ALJ that the results of the actual job numbers were much lower on Job Browser Pro as provided by vocational expert Bakkenson, to which the ALJ then submitted interrogatories to another vocational expert (Brenard Preston) with the same hypothetical and requested responses. (A.R. 566-573).

Vocational expert Preston provided his responses and Sodavy requested a supplemental hearing. (A.R. 580 and 586). At the supplemental hearing, Preston concluded that a preclusion to occasional interaction with a supervisor in combination with the other limitations identified in the ALJ's hypothetical would preclude the performance of the occupations he identified. (ECF No. 8, 7- 8:1-5 citing A.R. 81-83).

Sodavy filed his motion for reversal or remand (ECF No. 8) with arguments based on the certified administrative record filed on August 15, 2023 (ECF No. 6). On October 3, 2023, the Commissioner filed a supplement to the certified administrative record which consisted of the transcript of the oral argument

of August 31, 2021.  ECF No. 10.  This transcript was not included in the original filing of the certified administrative record. On October 6, 2023, the Commissioner, relying in part on the Supplemental eCAR filed a response brief. (ECF. No. 11). Sodavy filed a reply to the Commissioner's brief. ECF No. 14.

The Commissioner states that Sodavy has forfeited any challenge to the additional three jobs because the Court "cannot manufacture arguments" for him and "will not consider any claims that were not actually argued in [his] opening brief." *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotations and citations omitted).  The Commissioner states that Sodavy is correct that his inability to tolerate more than occasional contact with supervisors would preclude his performance of the routing clerk, garment sorter, mail clerk, and price marker occupations. ECF No. 8 at 6-8. But an error is harmless when "the ALJ's decision remains legally valid, despite such error." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Vocational expert Preston was asked about the routing clerk, garment sorter, mail clerk, and price marker occupations. AR. 80. The vocational expert explained that, "with respect to these jobs," Plaintiff's limitations would prevent a him from making it through the learning period. AR. 81-82 (emphasis added). But vocational expert Preston never offered similar testimony about the remaining three jobs on which the ALJ relied. Plaintiff even concedes that the vocational expert's testimony establishes that "more than occasional contact with a supervisor was required to learn the identified jobs" (ECF No. 8 at 8 (emphasis added)), i.e. routing clerk, garment sorter, mail clerk, and price marker. Plaintiff's limitations, however, would still permit him to perform the 50,000 document preparer jobs, 25,000 nut sorter jobs, and 35,000 ticket checker jobs in the national economy. AR. 2966-67 (vocational expert Bakkenson's testimony at an earlier hearing). The Commissioner states that nothing from the vocational expert's testimony suggests that Plaintiff was unable to perform those jobs.

The ALJ listed all 7 of the jobs provided by both vocational experts in her findings but mostly relied on the second vocational expert's (Preston) testimony. AR 31-32.

"VEs may use a wide range of data sources and methodologies to generate job-number estimates." *White v. Kijakazi*, 44 F.4th 828, 834 (9th Cir. 2022). "ALJs must inquire about, and VEs must explain, any inconsistencies between their testimony and the DOT, a principal source of occupational information for SSA." *Id.* "[U]ncontradicted VE job-numbers testimony [i]s inherently reliable and ordinarily sufficient by itself to support an ALJ's step-five finding." *Id.* at 835 (internal quotations omitted). "However, a VE may offer testimony that is so feeble, or contradicted, that it would fail to clear the substantial-evidence bar." *Id.* (internal quotations omitted).

When a claimant contests job numbers reported by the VE, the claimant must have raised the issue "at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017). It is sufficient for the claimant to question the VE about the source of the data; the claimant need not challenge the VE's job numbers during the hearing. *White*, 44 F.4th at 831; *Shaibi*, 883 F.3d at 1110 ("It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d)."). The claimant may submit evidence challenging the VE's job numbers to the Appeals Council without first submitting it to the ALJ if there is good cause for submitting new evidence on appeal. *White*, 44 F.4th at 836-37; 20 C.F.R. § 404.970(b). The Appeals Council may consider new evidence on appeal if it (1) is material, (2) relates to the period on or before the date of the ALJ's decision, and (3) provides a reasonable probability that the outcome would change if the additional evidence is considered. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

The court finds that the ALJ's failure to even address the unreliability of the first vocational expert's testimony is error. *See e.g., Thomas S. v. Commissioner of SSA*, 2023 WL 4074769, at *4 (D. Oregon June 18, 2023) (remanding because plaintiff's post hearing submission of Job Browser Pro results

– the same methodology that the vocational expert utilized – demonstrated significantly lower job numbers than the vocational expert's estimates and therefore was significant probative evidence that the ALJ was required to address in the decision.); *see also White v. Kijakazi*, 44 F.4th 828 (9th Cir. 2022), the Ninth Circuit determined that evidence submitted by a claimant's attorney to the Appeals Council in the first instance showing job numbers in the national economy that varied significantly from the VE's testimony, yet using the same software program as the VE, created an inconsistency requiring remand to the ALJ.

Accordingly,

IT IS HEREBY ORDERED that Sodavy's motion for reversal and/or remand (ECF No. 8) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 10) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of plaintiff.

DATED this 3rd day of January 2024.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE